IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN RUIZ, p/n/s/ F.V. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DR. ALTON STRANGE, et al. | : | NO.  15-2112 |
| | : | |

## MEMORANDUM

**Padova, J.**                                                    **December 1, 2015**

Plaintiff Carmen Ruiz brings this action on behalf of her son, F.V., against Defendants Dr. Alton Strange and the School District of Philadelphia pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203 *et seq.*, and 42 U.S.C. § 1983.[1]  Defendants have moved to dismiss the Amended Complaint's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  For the following reasons, we grant Defendants' Motion.

## I.    BACKGROUND

The First Amended Civil Action Complaint ("Amended Complaint") alleges the following facts.  In the spring of 2014, Carmen Ruiz's son, F.V., applied to the Philadelphia High School for Creative & Performing Arts ("CAPA") because of his strong interest in creative writing.  (Am. Compl. ¶ 7.)  F.V. is fourteen years old and is currently in the ninth grade.  (Id. ¶ 8.)  He has mild autism and other learning disabilities that sometimes inhibit his processing of information.  (Id.)  In March 2014, Ruiz learned that her son's application status for CAPA had

---

[1] The Amended Complaint also names the Philadelphia High School for Creative & Performing Arts ("CAPA") and the City of Philadelphia as Defendants.  Ruiz presently seeks leave to voluntarily dismiss both CAPA and the City of Philadelphia, without prejudice.  (Pl.'s Mem. at 1.)  We grant this request and dismiss CAPA and the City of Philadelphia as Defendants in this action.

been listed as "Disapproval – Incomplete Data on Student Transcript."  (Id. ¶ 9.)  However, Greg Mangels, an employee at F.V.'s previous school, had completed all of the necessary documentation for F.V.'s application.  (Id. ¶ 11.)  A CAPA employee told Mangels that F.V. had actually been denied admission to CAPA because F.V. "was 'on the 4th grade level for reading and math.'"  (Id. ¶ 12.)  Defendant Dr. Alton Strange, the Philadelphia School District Transition Coordinator, informed Mangels that "CAPA was within its rights to deny [admission to] a student if it determined a student would not be successful."  (Id. ¶ 13.)

CAPA actually denied admission to F.V. because of his learning disability.  (Id. ¶ 10.) F.V. is qualified to attend and could learn successfully at CAPA as long as he was afforded reasonable accommodations, such as more time to complete examinations.  (Id. ¶¶ 14-15.) However, Defendants refused to make reasonable accommodations for F.V. and denied Ruiz's request for a hearing to appeal the decision.  (Id. ¶¶ 16-17.)

 Count I of the Amended Complaint asserts that Defendants violated the IDEA because F.V. is entitled to a free appropriate public education that addresses his special needs, and Defendants refused to provide him with such an education.  Count II asserts that Defendants violated the ADA by failing to provide reasonable accommodations for F.V.'s learning disability.  Count III asserts a claim for violations of F.V.'s Fourteenth Amendment rights to substantive and procedural due process pursuant to 42 U.S.C. § 1983.[2]  Count IV asserts a claim for violation of F.V.'s Fourteenth Amendment right to equal protection pursuant to 42 U.S.C. § 1983.  Count V alleges a § 1983 claim against the City of Philadelphia pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978).  Defendants have moved to dismiss Counts

---

[2]  Count III also asserts that Defendants violated F.V.'s Fourth Amendment rights. However, Defendants moved to dismiss this claim, and, in response, Plaintiff asks to voluntarily dismiss the portion of Count III that alleges liability under § 1983 for a violation of Fourth Amendment.  We grant this request and dismiss that portion of Count III.

I and II of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Counts III and IV pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1) "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).  Where, as here, a defendant argues that the complaint on its face fails to establish the court's jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  Id. (citations omitted).  The legal standard "is the same when considering a facial attack under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  Petruska v. Gannon Univ., 462 F.3d 294, 299 n.1 (3d Cir. 2006) (citing Mortensen, 549 F.2d at 891).

### B.   Rule 12(b)(6)

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  We take the factual allegations of the complaint as true and "construe the complaint in the light most favorable to the plaintiff." DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen.

Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)).  Legal conclusions, however, receive no deference, as the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'"  Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'"  W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

## III.    DISCUSSION

A.    Counts I and II

Defendants argue that we should dismiss Ruiz's IDEA claim in Count I and her ADA claim in Count II for lack of subject matter jurisdiction because Ruiz failed to exhaust her administrative remedies as to these claims.

1.      Count I

The IDEA was enacted "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living."   20 U.S.C. § 1400(d)(1)(A).   The IDEA requires states to "implement specified procedural safeguards to ensure children with disabilities and their parents are provided with due process."   Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d 266, 272 (3d Cir. 2014). "These safeguards, known collectively as the IDEA's administrative process, provide parents with an avenue to file a complaint and to participate in an impartial due process hearing with respect to 'any matter relating to the . . . educational placement of the[ir] child. . . .'" Id. (alteration in original) (quoting 20 U.S.C. § 1415(b)(6)(A)).

A parent ordinarily may not seek judicial review until he or she has exhausted these administrative remedies.   See 20 U.S.C. § 1415(i)(2)(A); see also Komninos ex rel. Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 778 (3d Cir. 1994) ("[I]t is clear from the language of the Act that Congress intended plaintiffs to complete the administrative process before resorting to federal court.")   Consequently, we may not assert subject matter jurisdiction over a claim brought pursuant to the IDEA unless the plaintiff has exhausted the IDEA's administrative process.   Batchelor, 759 F.3d at 272 (stating that "[i]n the normal case, exhausting the IDEA's administrative process is required in order for the statute to 'grant[] subject matter jurisdiction to the district court[]'" (alterations in original) (quoting Komninos, 13 F.3d at 778)). "In Pennsylvania, exhausting administrative remedies consists of participating in a due process hearing and taking an appeal to the state appellate body."   James S. ex rel Thelma S. v. Sch. Dist. of Phila., 559 F. Supp. 2d 600, 615 (E.D. Pa. 2008) (citations omitted).   Therefore, if a plaintiff

fails to exhaust the administrative procedures for an IDEA claim prior to filing suit, the court must dismiss the claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). M.S. ex rel. Shihadeh v. Marple Newtown Sch. Dist., 82 F. Supp. 3d 625, 631 (E.D. Pa. 2015) (citing Batchelor, 759 F.3d at 269, 281).

The Amended Complaint does not allege, and Ruiz does not argue, that Ruiz participated in a due process hearing or took an appeal prior to filing the instant suit. Ruiz nevertheless contends that we should deny the Motion to Dismiss as to Count I for lack of subject matter jurisdiction because exhaustion would have been futile in this case.

The United States Court of Appeals for the Third Circuit has recognized that there are four situations where exhaustion is unnecessary: "(1) exhaustion would be futile or inadequate; (2) the issue presented is a purely legal question; (3) the administrative agency cannot grant relief; and (4) exhaustion would cause severe or irreparable harm." D.E. v. Central Dauphin Sch. Dist., 765 F.3d 260, 275 (3d Cir. 2014) (citing Komninos, 13 F.3d at 778). Exhaustion is considered futile "where the relief sought in a civil action is not available in an IDEA administrative proceeding." W.B. v. Matula, 67 F.3d 484, 496 (3d Cir. 1995), abrogated on other grounds by A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 799 (3d Cir. 2007). Exhaustion may also be excused where there is no need to further develop the factual record or resolve evidentiary disputes because the record is already fully developed. Id. (citing Lester H. ex rel Octavia P. v. Gilhool, 916 F.2d 865, 869-70 (3d Cir. 1990) (explaining that the "peculiar expertise of an administrative hearing officer is necessary to develop a factual record," but that exhaustion is excused because "the factual question of injury, usually determined at the administrative level, was conceded")).

In arguing that she has adequately pled futility in this case, Ruiz points to the Amended Complaint's allegations that she contacted CAPA "to formally appeal the decision," but that "[she] was denied a hearing and Defendants reiterated that F.V. was being denied because of his disabilities." (Am. Compl. ¶ 17.)  Ruiz further emphasizes that the Amended Complaint alleges that "Defendants repeatedly told Plaintiff they would not provide reasonable accommodations for F.V."  (Id. ¶ 18.)  According to the Amended Complaint, "seeking further administrative remedies would have been futile because Defendants would not and/or could not accommodate F.V."  (Id.)

However, contrary to Ruiz's apparent understanding, the futility exception does not apply to cases where one party simply assumes the other party will not cooperate in the administrative process.  See Batchelor, 759 F.3d at 280-81 (finding the exhaustion requirement still applies even though appellant had previously sued the school district twice to enforce previous awards under the IDEA); see also Rose v. Yeaw, 214 F.3d 206, 212 (1st Cir. 2000) (holding that a school's "withdrawal of the request for a due process hearing did not render the administrative process futile" as the "IDEA specifically grants parents the right to unilaterally initiate a due process hearing" (citing 20 U.S.C. § 1415(f)(1))).  Moreover, the futility exception does not apply merely because a plaintiff's previous meetings with school administrators were not successful.  See M.M. v. Tredyffrin/Easttown Sch. Dist., Civ. A. No. 06-1966, 2006 WL 2561242, at *7 (E.D. Pa. Sept. 1, 2006); Falzett v. Pocono Mountain Sch. Dist., 150 F. Supp. 2d 699, 703 (M.D. Pa. 2001) (determining that one of the parties' belief that it would be impossible for the parties to reach "a mutually satisfactory resolution to [a] dispute" does not make the administrative process futile").  We therefore conclude that the Amended Complaint does not allege facts that support the inference that exhaustion of the IDEA administrative process would

be futile in this case.  Consequently, we lack subject matter jurisdiction over the IDEA claim as it is currently asserted in Count I of the Amended Complaint, and we grant Defendants' Motion to Dismiss as to that count.

2.     Count II

Title II of the ADA "prohibits discrimination based upon a disability by state and local government." Starego v. N.J. State Interscholastic Athletic Ass'n, 970 F. Supp. 2d 303, 307-08 (D.N.J. 2013).  It provides, in part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity."  42 U.S.C. § 12132.  "Exhaustion of the IDEA's administrative process is also required" for claims that are asserted under the ADA "where the plaintiff seeks relief that can be obtained under the IDEA." Batchelor, 759 F.3d at 272; see also M.S., 82 F. Supp. 3d at 63 (dismissing plaintiff's ADA claim, as well as her IDEA claim, pursuant to Rule 12(b)(1) for failure to exhaust administrative remedies).  Congress specifically included a "[r]ule of construction" in the IDEA, which states that the IDEA does not restrict or limit rights and remedies available under the Constitution, the ADA, or the Rehabilitation Act, "'except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the [IDEA administrative process] shall be exhausted to the same extent as would be required had the action been brought under this subchapter.'" Batchelor, 759 F.3d at 272 (quoting 20 U.S.C. § 1415(l)).  Moreover, plaintiffs must ordinarily exhaust their IDEA administrative remedies even when they have asked for relief, such as compensatory and punitive damages awards, that are not available under the IDEA's administrative process. Id. at 276-78.

The Amended Complaint does not allege that Ruiz administratively exhausted her ADA claim prior to filing suit.  As with the IDEA claim, Ruiz contends that the Amended Complaint adequately pled that exhaustion is futile "because Defendants would not and/or could not accommodate F.V."  (Am. Compl. ¶ 18.)  However, for the same reasons explained above, such an allegation does not support an inference of futility, as exhaustion is not excused based on one party's assumption that other party will not cooperate in the administrative process.  See Batchelor, 759 F.3d at 280-81.  In addition, the Amended Complaint does not request relief that is unavailable to Ruiz pursuant to the IDEA and, thus, is not even arguably excused on that basis.  Therefore, as Ruiz has failed to exhaust her administrative remedies as to the ADA claim asserted in Count II of the Amended Complaint and the Amended Complaint did not allege facts to support the inference that the futility exception applies, we consequently lack subject matter jurisdiction over that claim as it is currently asserted.  Accordingly, we grant Defendants' Motion to Dismiss as to Count II of the Amended Complaint.

> B.  Counts III and IV

Defendants move to dismiss Ruiz's § 1983 claims in Counts III and IV on the ground that the Amended Complaint fails to state facially plausible claims for relief pursuant to that statute.  Count III asserts a claim pursuant to 42 U.S.C. § 1983 for deprivation of F.V.'s Fourteenth Amendment substantive and procedural due process rights.  Count IV asserts a claim pursuant to § 1983 for deprivation of F.V.'s Fourteenth Amendment right to equal protection under the laws.

Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.  "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws.  It does not, by its own terms, create substantive rights." Kaucher v. Cty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote and citations omitted).  In order to state a claim for relief under § 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States."  Id. (citations omitted).  Thus, Counts III and IV will survive the Motion to Dismiss only if the Amended Complaint alleges facts sufficient to plausibly state a claim that Defendants' actions or omissions caused a deprivation of F.V.'s Fourteenth Amendment rights to procedural due process, substantive due process, and/or equal protection.

       1.    Count III

The due process clause of the Fourteenth Amendment states, in pertinent part, that no state "shall deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  The due process clause governs the procedures by which the state may deprive an individual of "life, liberty, or property" and contains a "substantive component . . . barring certain government actions regardless of the fairness of the procedures used to implement them." Planned Parenthood of Southeastern Pa. v. Casey, 505 U.S. 833, 846 (1992) (quotations omitted); see also Cty. of Sacramento v. Lewis, 523 U.S. 833, 840 (1998) (citation omitted).  Consequently, "a non-legislative government deprivation 'that comports with procedural due process may still give rise to a substantive due process claim upon allegations that the government deliberately and arbitrarily abused its power.'" Nicholas v. Pa. State Univ., 227 F.3d 133, 139 (3d Cir. 2000) (quoting Indep. Enters. Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1179 (3d Cir. 1997)).

Where a plaintiff brings both a procedural due process claim and a substantive due process claim, the Court must analyze each claim independently to determine whether the alleged interest is actually protected by each clause, as "not all . . . interests worthy of procedural due process protection are protected by the concept of substantive due process." Id. at 140.  "To state a claim under § 1983 for deprivation of procedural due process rights, a [complaint] must allege that (1) [the plaintiff] was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to [the plaintiff] did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)).  In contrast, substantive due process protects only "those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty' such that neither liberty nor justice would exist if they were sacrificed." Washington v. Glucksberg, 521 U.S. 702, 720-21 (1997) (internal quotations omitted).  If the asserted interest is not fundamental, the government action complained of is not covered by the substantive due process clause and "will be upheld so long as the state satisfies the requirements of procedural due process." Nicholas, 227 F.3d at 142.

Defendants argue that Count III should be dismissed because the Amended Complaint does not allege that F.V. was deprived of any right protected by the Fourteenth Amendment.  Clearly, in order to state a § 1983 claim for violation of both procedural and substantive due process rights, a complaint must allege the deprivation of an interest in life, liberty, or property that is protected by the Fourteenth Amendment.  See Alvin, 227 F.3d at 116 (identifying inquiry for procedural due process claims); Nicholas, 227 F.3d at 139-40 (identifying inquiry for substantive due process claims).  The Amended Complaint does not allege that Defendants

deprived F.V. of any such interest.   Moreover, Ruiz does not identify any such protected interest in her response to Defendants' Motion.   Rather, she argues only that "if [CAPA] provided reasonable accommodation for F.V.'s disabilities – CAPA would have been a perfect fit" for F.V.   (Pl.'s Resp. Mem. at 6.)   We conclude that the Amended Complaint fails to allege that Defendants deprived F.V. of an interest that is "encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property'" and, consequently, that the Amended Complaint fails to plausibly allege that essential element of her § 1983 claims for violation of F.V.'s Fourteenth Amendment procedural and substantive due process rights.   Accordingly, we grant Defendants' Motion to Dismiss as to Count III of the Amended Complaint.

2.   <u>Count IV</u>

The equal protection clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."   U.S. Const. amend. XIV, § 1.   In order to state a § 1983 claim based on a violation of the equal protection clause, a complaint must allege that the plaintiff "received different treatment than other similarly situated persons and that the disparate treatment was based on her protected class status."   <u>Kasper v. Cty. of Bucks</u>, 514 F. App'x 210, 214 (3d Cir. 2013) (citing <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469, 1478 (3d Cir. 1990)).   Thus, a facially plausible § 1983 claim for violation of the right to equal protection must allege that the plaintiff is "(1) a member of a protected class; (2) similarly situated to members of an unprotected class; and (3) treated differently from members of the unprotected class."   <u>Green v. Chester Upland Sch. Dist.</u>, 89 F. Supp. 3d 682, 693 (E.D. Pa. 2015) (citations omitted).

Defendants argue that Count IV should be dismissed because the Amended Complaint does not allege facts that would support a § 1983 claim for violation of F.V.'s right to equal

protection.  Specifically, Defendants argue that the Amended Complaint does not allege that there are any people who are similarly situated to F.V., much less that any such individuals were treated differently from he was.  Such allegations are necessary in order for a complaint to state a plausible § 1983 claim for a violation of the equal protection clause of the Fourteenth Amendment.  See Tereance D. ex rel. Wanda D. v. Sch. Dist. of Philadelphia, 548 F. Supp. 2d 162, 169-70 (E.D. Pa. 2008) (finding a complaint sufficient to allege an equal protection violation where it alleged that defendant "discriminated against [plaintiff] when compared to other similarly situated individuals, not just that it denied him accommodation without reference to its provisions for other individuals"); see also Roquet v. Kelly, Civ. A. No. 11-1763, 2013 WL 5570269, at *8 (M.D. Pa. Oct. 9, 2013) (dismissing equal protection claim because complaint did not identify how plaintiff was treated differently from any other student).  Here, the Amended Complaint only claims that "F.V. was qualified to attend CAPA if reasonable accommodations were made for him – F.V. has strong skills and high interest in creative writing."  (Am. Compl. ¶ 15.)  Ruiz alleges no other facts, either in the Amended Complaint or her Response to the Motion that, if true, plausibly allege that F.V. is similarly situated to members of an unprotected class or was treated differently from any such similarly situated individuals.

        In addition, although Defendants have not specifically argued that Count IV does not allege that F.V. is a member of a protected class, we note that the Amended Complaint is also deficient in this regard.  "[U]nder the Equal Protection Clause of the Fourteenth Amendment, the mentally disabled are neither a suspect nor a quasi-suspect class."  Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 199 (3d Cir. 2000) (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 442-47 (1985)).  Here, the Amended Complaint alleges only that F.V. is disabled, which does not support the inference that F.V. is a member of a suspect class.  Under these circumstances, the

Amended Complaint must successfully state a "class-of-one" equal protection claim in order to survive Defendants' Motion to Dismiss.  In order to state such a claim, a plaintiff must allege that "he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Village of Willbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).  "[A]t the very least, to state a claim under [a class-of-one] theory, a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment."  Hill, 455 F.3d at 239.  Here, in addition to not alleging that F.V. was treated differently from others similarly situated, as discussed above, the Amended Complaint does not allege that there was no rational basis for treating F.V. differently.  Because the Amended Complaint fails to plausibly allege that F.V. was denied equal protection under the laws as guaranteed by the Fourteenth Amendment, we grant Defendants' Motion to Dismiss as to Count IV of the Amended Complaint.

## IV.  CONCLUSION

For the foregoing reasons, we grant Defendants' Motion to Dismiss in its entirety.  Ruiz has, however, also requested leave to amend the Amended Complaint to cure any deficiencies that we identify. "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust."  Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)).  In civil rights cases, "district courts must offer amendment – irrespective of whether it is requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."  Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).  Here, we are not convinced that amendment would be either inequitable or futile, and we therefore grant Ruiz's request for leave to amend

the Amended Complaint to cure the deficiencies that we have identified.   An appropriate order follows.

BY THE COURT:

/s/John R. Padova
_____

John R. Padova, J.